UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 23 CR 344-02 |
| v. | ) | |
| | ) | Hon. John J. Tharp, Jr. |
| NED BROOKS | ) | |
| | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant Ned Brooks was a schoolteacher earning a stable annual income for over two decades, yet his greed led him to engage in an over two million dollars scheme defrauding a major airline in a span of just a few months. PSR ¶¶ 10-17, 96.

While the government recognizes defendant's prompt acceptance of responsibility, defendant engaged in blatantly fraudulent conduct for several months amassing a staggering two-million-dollar loss to Southwest Airlines. This was not a one-time lapse in judgment. Defendant's actions were methodical and calculated. His conduct merits substantial punishment from this Court, both to punish defendant and to deter other would-be white-collar criminals.

The government agrees with the Probation Department that advisory Guidelines sentencing range is 33 to 41 months' imprisonment. PSR ¶ 108. The government believes that a careful consideration of the aggravating and mitigating factors justifies a sentence of imprisonment at the low-end of the guidelines range.

## I.    Background

The facts and procedural history of the case are set forth in the government's version of the offense, and supplemental version of the offense, which are hereby incorporated by reference. In brief, co-defendant Dajuan Martin embezzled an unknown amount, but conservatively estimated at over $2,150,000 from his employer from February 2022 to June 2022, when an audit revealed the fraud. GVO at 8. Defendant participated in the scheme for several months and recruited at least two other participants into the embezzlement scheme with defendant Martin; together they caused a loss of $1,786,00. Suppl GVO at 2.

On November 6, 2024, defendant pled guilty, pursuant to a written plea agreement, to a single count in the indictment charging him with wire fraud in violation of 18 U.S.C. § 1343. Dkt. 62. In his plea, defendant agreed that he knew that Southwest operated a program wherein it issued vouchers, called "Southwest Luv Vouchers," or more commonly, "SLVs, to customers who had had an unfavorable travel experience. Defendant admitted that he knew co-defendant Martin had the authority to issue SLVs to customers and did so by entering a code into Southwest's computer system explaining the reason that the voucher was issued. *Id*. at 3-4. Martin obtained thousands of fraudulent vouchers in this manner using the names of real and fictious customers and sold these vouchers to defendant, who knew he was not entitled to the SLVs. Defendant resold the SLVs to others for his own personal

profit. *Id*. In total, defendant caused a loss of at least $1,786,000 to Southwest airlines.

## II.    The Probation Officer's Offense Level Calculation.

The government agrees with the Probation Officer's conclusion that defendant's total offense level is 20 and that his criminal history category is I (PSR ¶¶ 41, 28), based on a base offense level of seven, an increase of 16 levels for the amount of loss, and a two-level increase for the use of an unauthorized access device, less a three-level reduction for acceptance of responsibility, and less a two-level reduction for being a zero point offender. PSR ¶¶ 28-40. With an offense level of 20 and a criminal history category of I, the Guidelines range is 33 to 41 months' imprisonment. PSR ¶ 108.

## III.    Restitution

Restitution is mandatory in this case. The Court should order defendant to pay a total of $1,786,000.00 in restitution to Southwest Airlines, joint and several with his co-defendant, as agreed in the plea.[1] Dkt. 62 at 9; PSR ¶ 119.

## IV.    The Factors Set Forth in 18 U.S.C. § 3553(a) Warrant a Significant Sentence of Imprisonment.

The § 3553(a) factors weigh in favor of a sentence of imprisonment, at the low-end of the guidelines range, as explained below.

---

[1] In his plea, defendant agreed to $1,875,900 in restitution, but this reduced amount more accurately reflects the amount of the less reasonably foreseeable to this defendant.

## A. Nature and Circumstances of Offense

This was a serious offense. Defendant participated in a scheme and fraudulently obtained over two million dollars in vouchers from Southwest Airlines, causing significant financial hardship to the business. This was more than an isolated poor decision or lapse of judgment. The defendant engaged in a scheme to defraud over a period of approximately five months against the victim business, who will undoubtedly be forced to increase travel expenses to innocent Southwest customers.

## B. History and Characteristics of the Defendant

While Brooks describes his childhood as "miserable," he reported no physical, mental or sexual abuse in his household, he graduated from high school, and attended college on an athletic scholarship showing remarkable talent, and built a stable life as an adult; he obviously knew better. PSR ¶¶ 63-66. He not only violated criminal laws, but he also tarnished his reputation in the community as teacher and coach to a slew of children he mentored.

Defendant's motivation was simple: he wanted to increase his wealth. His conduct was fueled by greed and an arrogant belief that he would not get caught, which increased exponentially over time.

To his credit, defendant appears to exhibit some remorse for his conduct and has accepted responsibility by promptly entering a guilty plea in this case. Coupled with positive employment history, and his lack of violent criminal history, the government believes that a low-end Guidelines sentence is the appropriate sentence

4

here.

### C.    The Need for Deterrence

The need to afford adequate deterrence to others is a critical part of the sentence to be imposed in this case. Defendant committed a type of crime where general deterrence matters a great deal.

Crimes of this nature can be deterred with punishment that includes meaningful terms of incarceration. Wire frauds such as this one can be difficult to detect because the participants are trusted insiders who have the knowledge to cover their tracks. Moreover, they can be quite lucrative. Thus, it is important that sentences in this and other fraud cases serve to deter individuals from committing these types of crimes. *See United States v. Heffernan*, 43 F.3d 1144, 1149 (7th Cir. 1994) ("Considerations of (general) deterrence argue for punishing more heavily those offenses that either are lucrative or are difficult to detect and punish, since both attributes go to increase the expected benefits of a crime and hence the punishment required to deter it."). Others who might think about embezzling will think twice if they believe their actions will have serious consequences beyond simple disgorgement of ill-gotten gains or the payment of fines. Instead, the consequences must include serious sentences of incarceration to effectively deter others.

A sentence at the low-end of the guidelines range in this case would help to deter others from committing fraud, promote respect for the law, and would provide just punishment for defendant. Such a sentence would be a strong message to

defendant and other would-be wire fraud defendants that their conduct is serious and will be punished accordingly.

## V.      Conclusion

For these reasons, the Court should sentence the defendant to a significant term of imprisonment of at the low-end of the guidelines range.


Dated: November 17, 2025.                      Respectfully submitted,

                                               ANDREW S. BOUTROS
                                               United States Attorney

                                   By:    */s/ Elly Moheb*
                                               ELLY MOHEB
                                               Assistant United States Attorney
                                               219 South Dearborn Street
                                               Chicago, Illinois 60604
                                               (312) 353-1412